### DENTON, Appellant, v. BUTLER, Respondent.

### (159 N. W. 397.)

(File No. 3956.   Opinion filed October 4, 1916.)

1. **Appeals—Sufficiency of Evidence—Brief—Statement of all Evidence, Necessity, for Review.**

   Where appellant did not make it affirmatively appear that the brief contained a statement of all material evidence received upon trial, the Supreme Court cannot consider sufficiency of evidence to justify verdict.

2. **Appeals—Ruling on Evidence, Cured by Subsequent Evidence—Harmless Error.**

   An adverse ruling on offered evidence, if erroneous, was cured by defendant being afterwards permitted to testify as to the same matter.

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

On petition for rehearing. Petition denied.

For former opinion, see 37 S. D. 444, 158 N. W. 1017.

*W. R. Butler,* and *W. J. Hooper,* for Appellant.

*M. L. Parish,* for Respondent.

GATES, J.   In the former opinion in this case, 158, N. W. 1017, we did an injustice to counsel for appellant in stating:

"The assignments of error are two, viz.: '(1) There is no evidence to justify the verdict; and (2) errors of law occurring at the trial.'"

[1] The assignment of errors were in all resp. ts sufficient. We erred in taking the restatement in the portion of the brief devoted to the argument for the assignment of errors. We cannot, however, consider the sufficiency of the evidence to justify the verdict, for the reason that appellant did not cause it to affirmatively appear that the brief contained a statement of all the material evidence received upon the trial. See citations on this point in the former opinion.

[2] The trial court sustained the objection to the following question:

"Q. Did you ever agree to pay him any consideration for plowing prior to the time that you took possession of this land

by moving upon it in the spring of 1912? Objected to by the plaintiff as incompetent, irrelevant, and immaterial and calling for conclusion of the witness."

This ruling, if error, was cured by defendant being afterwards permitted to testify that he gave plaintiff the use of certain other land as the equivalent for payment for the plowing.

The result arrived at in the former opinion is adhered to, and the judgment and order appealed from are affirmed, and the petition for rehearing is denied.